## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| IN RE: Ryan Wilson,<br>Debtor(s). | Bankruptcy No. 16-25304<br>Chapter 13 |
|---|---|

### AMENDMENT DECLARATION

Please circle to underline amended material when appropriate.

1. PETITION:___REOPENING: Yes___ No **X** CONVERSION (13 TO 7): Yes___ No **X**
   **When changing debtor's address, please file separate change of address form.
   When amending, please submit the changes/additions only!**
2. **SCHEDULES:** A___ B___ C___ D___ E___ F___ G___ H___ I___ J___
   Are you changing the address, amounts, etc., or adding a creditor?
   **Changing____ Adding____ ($30 amendment fee required for D, E, & F.)**
3. AMENDED AMOUNTS/TOTALS OF SCHEDULES: _____
4. STATEMENT OF AFFAIRS: _____
5. AMENDED CHAPTER 13 PLAN: **X**    6.    FORM 122C-1: **X**

---

If you have amended schedules D, E, F by adding a creditor, you owe $30.00 amendment fee. Fee attached_____

If schedules D, E, F were amended but no creditors added no fee necessary. No fee attached_____ **Reason no fee attached**_____

---

I declare under penalty of perjury information provided in this attached amendment is true and correct.

_____   _____
Debtor                    Date         Debtor                    Date

---

U.S. Trustee's Office and Trustee in the case supplied copies of amendment(s)? Yes **X** No___
/s/ David M. Cook July 29, 2016
ATTORNEY FOR DEBTOR(S)

### CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the forgoing was mailed, postage prepaid, to creditors of this estate as follows:

_____ 341 Notice to creditors added by this amendment.
_____ Discharge Notice to creditors added by this amendment.
_____ Amended Chapter 13 Plan to all creditors.

_____           _____
DATE                                      ATTORNEY FOR DEBTOR(S)

David M. Cook (7043)
Attorney for the Debtor(s)
716 East 4500 South, Ste. N 240
Salt Lake City, UT 84107
Phone: (801) 264-0699
E-mail:  cook@utlawyer.net

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| IN RE: Ryan Wilson, 21 Casa Loma Drive, Centerville, UT 84014 Last four digits of Social Security No: xxx-xx-3072  Debtor(s). | Bankruptcy No. 16-25304 Chapter 13 Filed Electronically |
|---|---|

CHAPTER 13 PLAN
MOTION TO VALUE COLLATERAL AND AVOID LIENS UNDER 11 U.S.C. § 506
MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

[ ] Original Plan    [ **X** ]Amended Plan    [ ]Modified Plan  Dated: July 29, 2016

**CREDITORS, YOUR RIGHTS WILL BE AFFECTED.  You should review this Plan and any motion herein and discuss it with your attorney.  If you disagree with the terms herein, you must file with the bankruptcy court a written objection before the deadline stated in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.  In the absence of a timely written objection, the court may grant the requested relief and confirm the Plan without further notice or hearing.**

1. **PLAN PAYMENTS.**
   (a) **Fixed Monthly Payment**:  Debtor(s) shall pay **$502.00** per month to the Chapter 13 Trustee until completion of the Plan.  Such payments are due on the 25th day of each month.

   (b) **Step Payments:** N/A.

   (c) **Contribution of Tax Refunds**:  For the next three tax years of 2015, 2016 and 2017, the Debtors shall pay into the Plan yearly state and federal tax refunds that, when combined, exceed $1,000 or $2,000 if allowed under applicable law (see section 10).

2. **APPLICABLE COMMITMENT PERIOD.** Pursuant to § 1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment Period for this case is [ **X** ] 3 years or [ ] 5 years *[check one box]*.  Therefore, Plan payments shall be made for the following

period: _X_ Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan.

3. **RETURN TO ALLOWED NONPRIORITY UNSECURED CLAIMS**. Unless this is a 100% Plan, the amount to be distributed on such claims shall be the greater of the amount set forth below, or the pro rata distribution, if any, resulting from the Plan Payment multiplied by the Applicable Commitment Period of section 2 plus all tax refunds required under subsection 1(b).

    **Pot Plan:** Not less than **$Zero(θ)** to be distributed pro rata among allowed nonpriority unsecured claims.

4. **TRUSTEE'S PERCENTAGE FEE.** The Trustee shall collect the statutory fee of 28 U.S.C. § 586(e) for any disbursements actually or constructively made by the Trustee under the Plan or pursuant to the Bankruptcy Code, the Local Rules, or a court order.

5. **ATTORNEY FEES.** Counsel for Debtors requests an award of attorney fees and costs in the amount of [ ] $3,000, [ ] $3,250, [ **X** ] $3,500. Counsel may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The unpaid balance of attorney's fees shall be paid as follows *[select only one option]*:

    [**X** ]   Monthly pro rata distributions from available plan payments until paid in full (see subsection 9(b)).
    [ ]   Fixed monthly payments of $_____, accruing with the first payment under the Plan until paid in full (see subsection 9(b)).

6. **TREATMENT OF SECURED CLAIMS.**
    (a) **Motion To Value Collateral And To Void Liens Under 11 U.S.C. § 506:** The Debtors move the court to value the collateral in the amount stated in the Debtors' proffered value below. Unless a timely objection is filed to this motion to value, the court will fix the value of the collateral consistent with the Debtors' proffer without further notice or hearing. A creditor's filing of a proof of claim asserting a value different than the Debtors' proffered value does not constitute an objection to confirmation. If this case is dismissed or converted before the entry of a discharge, creditors impacted by this subsection shall retain their lien to the extent allowed by § 1325(a)(5)(B). The resulting allowed secured claim of such creditor shall be paid *the lesser of* (1) the value as fixed by an order of the court or (3) the secured amount asserted in the allowed proof of claim, including any subsequent amendments or modifications by court order. The portion of any such allowed claim that exceeds the amount of the allowed secured claim shall be treated as a nonpriority unsecured claim under section 3.

| Creditor | Description of Collateral | Debt Amount Listed on Schedule D | Debtors' Proffer of Collateral | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate | Equal Monthly Payment |
|---|---|---|---|---|---|---|---|---|

| Creditor | Description of Collateral | Value | | Interest Rate | Interest Accrual Date | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|---|
| **RC Willey** | Washer and dryer | $1,636.37 | **$876.00** | 6.00% | C | $10.00 | 6 | $100.00 |

(b) **Secured Claims Not Subject To 11 U.S.C. § 506:** Pursuant to § 1325(a)(9), the following claims are not subject to "cramdown" under § 506. The allowed secured claim of such creditor shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Secured Claim (*proof of claim controls*) | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|
| **Navy Federal Credit Union** | **2013 Chevrolet Silverado 2500** | $4,341.52 | 5.00% | C | $45.00 | 6 | $400.00 |

(c) **Secured Tax Claims:** Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount set forth on the proof of claim, unless the Plan specifically modifies the amount of the secured tax claim by setting forth different treatment of the claim in the table below. Secured claims of governmental entities will be paid at the interest rate stated in the proof of claim; or, if no interest rate is stated in the proof of claim, at the estimated statutory rate ___%. Nothing in this subsection shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

| Governmental Unit | Estimated Secured Claim (*proof of claim controls*) | Estimated Statutory Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment Thereafter |
|---|---|---|---|---|---|---|
| **N/A** | | | | | | |

(d) **Curing Prepetition Defaults And Making Postpetition Payments:** The Trustee shall disburse on allowed arrearage claims, and the Debtors shall make regular postpetition payments directly to these creditors pursuant to the terms of the original contract beginning with the next payment due after the petition date. Postpetition payments made directly by the Debtors to such creditors may change due to an adjustable rate note, escrow requirements, etc., and notices of such payment changes shall be provided to the Debtors. The arrearage claim will be in the amount in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Arrearage (proof of claim controls) | Interest Rate (enter "0%" if no interest is to be paid) | Equal Monthly Payment (if no equal monthly payment, leave blank) | Equal Monthly Payment Start Date |
|---|---|---|---|---|---|
| Cenlar Loan Administration | Residence - mortgage | $17,934.35 | 0.00% | Pro rata | ---------- |

    **(e)**    **Surrender Of Collateral:** The Debtors surrender the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtors will immediately make the collateral available for repossession by the creditor. If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim. If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full. If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim.

| Creditor | Collateral to be Surrendered [indicate if § 506 does not apply to this claim pursuant to § 1325(a)(9)] | Effect of Surrender [Designate "Full Satisfaction" or "Partial Satisfaction"] |
|---|---|---|
| Navy Federal Credit Union | 200- Volkswagen CC | Partial Satisfaction |

    **(f)**    **Direct Payments By Debtors On Claims Secured by Personal Property:** The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor.

| Creditor | Collateral |
|---|---|
| N/A | |

    **(g)**    **Motion To Void Liens Under § 522(f):** The Debtors move to avoid the following liens because they impair the Debtors' exemption asserted on Schedule C in that there is no non-exempt equity to which any part of the lien may attach. Unless a timely objection is filed as to this motion, such liens shall be avoided upon entry of the confirmation order. The filing of a proof of claim asserting a secured claim with respect to such lien does not constitute an objection.

| Creditor | Identification of Collateral | Estimated Claim Amount |
|---|---|---|
| N/A | | |

**(h) Administrative Provisions Regarding Trustee Disbursements on Secured Claims:**

    **(1)** **Disbursements On Secured Claims.** The Trustee shall disburse on secured claims only if <u>all</u> of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received payments under the Plan.

    **(2)** **Adequate Protection Payments.** The Adequate Protection columns in subsections 6(a), 6(b) and 6(c) fix the amount of monthly adequate protection and such payments shall accrue commencing with the first scheduled meeting of creditors under § 341 and continuing on the first day of each month thereafter for the number of months specified in such column. After this time, secured creditors will receive the Equal Monthly Payments set forth in such paragraphs. Pursuant to LBR 2083-1(c), the Trustee may make preconfirmation disbursements of Adequate Protection payments; however, such payments will only be made if a secured proof of claim is filed in compliance with the applicable provisions of Bankruptcy Rules 3001, 3002 and 3004 before the <u>earlier of</u> the entry of an order dismissing or converting the case or the applicable claims bar date. Adequate Protection payments made during the period before interest begins to accrue on such claims shall be applied to reduce the principal balance of such claim, and adequate protection payments made or attributable to the period after interest begins to accrueshall be applied to unpaid principal and interest.

    **(3)** **Interest Accrual Date.** In the Interest Accrual Date Column above, the designation "C" or "Conf." shall mean interest shall accrue and be paid from the effective date of the confirmation order and the designation "P" or "Pet." shall mean interest shall accrue and be paid from the petition date. If the Interest Accrual Date Column is left blank, interest shall accrue from the effective date of the confirmation order.

    **(4)** **Default Interest Rate.** If the interest rate column is left blank in subsections 6(a), 6(b) or 6(c), interest shall accrue and be paid at the rate set forth in the proof of claim. If the proof of claim does not specify an interest rate, then interest shall accrue and be paid at 6% per annum for subsections 6(a) and 6(b). If the interest rate column is left blank in subsection 6(d), no interest shall be paid on the arrearage claim.

7. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are rejected unless specifically listed below, in which case such are assumed under § 365, and the Debtors will directly make postpetition lease or contract payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will make such payments without any modifications to the terms of the contract or lease; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such leased property and indebtedness; (3) claims arising under the contract or lease will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor(s).

| Creditor | Description of Collateral or Leased Property |
|---|---|
| **N/A** | |

8. **PRIORITY CLAIMS.** Claims entitled to priority under 11 U.S.C. § 507(a), including domestic support obligations and unsecured taxes, will be paid in full. The allowed amount of any priority claim will be the amount in the proof of claim, unless modified by an amended claim or court order. If the Plan provides for interest on nonpriority unsecured claims, such interest shall also be paid on priority claims. The Debtors shall remain current on all postpetition domestic support obligations during the Plan term.

9. **PLAN DISTRIBUTIONS.**

   (a) **Allowance Of Claims.** Except as otherwise specified in subsection 6(a) of the Plan, the amount of all allowed claims to be paid through the Plan shall be determined using the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. A proof of claim must be timely filed or specifically allowed by an order of the court to receive any disbursements from the Trustee under the Plan.

   (b) **Order Of Distribution.** The Trustee shall collect the percentage fee under section 4 and then pay allowed claims in the following order:
   Class 1:     Adequate Protection Payments and Equal Monthly Payments under section 6 pursuant to the amounts and timing provided in such section l;
   Class 2:     Attorney's fees as provided for in section 5 until paid in full;
   Class 3:     Priority Domestic Support Obligations under § 507(a)(1) until paid in full;
   Class 4:     Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments until paid in full;
   Class 5:     Other priority claims until paid in full; then
   Class 6:     Nonpriority unsecured claims until paid the return required by section 3.

   (c) **Administrative Provisions Regarding Adequate Protection And Equal Monthly**

     **Payments.**
- (i) If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before distributions can be made to lower-level Classes. After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case. To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.
- (ii) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

10. **CONTRIBUTION OF TAX REFUNDS**. If section 1 of the Plan so requires, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later tha June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

11. **PLAN MODIFICATION.** With the affirmative consent of the Trustee, and unless a party-in-interest objects, the Debtors may modify the Plan postconfirmation under § 1329, without further notice to creditors, to conform the Plan to the class, status, amount, value or interest rate set forth in a proof of claim (or otherwise asserted by a creditor) so long as such modification does not have a negative impact on any creditor not receiving notice, other than the delay in receiving the first distribution.

12. **OTHER PLAN PROVISIONS:**
    - (a) Any order confirming this Plan shall constitute a binding determination that the Debtor(s) have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

    - (b) ***LIENS DISCHARGED UPON PAYMENT AND COMPLETION OF PLAN:***

*Every lien for any allowed secured claim set forth in paragraphs 6(a) and (b) above is hereby modified as follows: The lien shall be retained by the secured creditor and remain secured against the collateral until the earlier of (a) the payment of the underlying debt in full determined under nonbankruptcy law; or (b) discharge under section 1328 after payment in full of the secured portion of the allowed secured claim and entry on the court docket of the order granting the debtor's discharge. The holder of every such discharged and paid lien shall thereupon release or reconvey such lien and/or provide a clear title to Debtor(s).*

(c)     As provided in 11 U.S.C. §1327(b), the confirmation of a plan vests all of the property of the estate in the Debtor(s).

13. **CERTIFICATION**. By signing this plan, counsel certifies that this plan does not alter the provisions of this Model Plan Form, except as set forth in section 12 above. Any revisions to the Model Plan Form not set forth in section 12 shall not be effective.

**END OF PLAN**

Attorney:   /s/   David M. Cook              Dated July 29, 2016.

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Ryan Thomas Wilson |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Utah |
| Case number (if known) | 16-25304 |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

■ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

■ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.
   - ☐ Not married. Fill out Column A, lines 2-11.
   - ■ Married. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | Your gross wages, salary, tips, bonuses, overtime, and commissions (before all payroll deductions). | $ 2,587.02 | $ 2,011.78 |
| 3. | Alimony and maintenance payments. Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support. Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. Net income from operating a business, profession, or farm    Debtor 1

| | |
|---|---|
| Gross receipts (before all deductions) | $ 0.00 |
| Ordinary and necessary operating expenses | -$ 0.00 |
| Net monthly income from a business, profession, or farm | $ 0.00  Copy here -> $ 0.00    $ 0.00 |

6. Net income from rental and other real property    Debtor 1

| | |
|---|---|
| Gross receipts (before all deductions) | $ 0.00 |
| Ordinary and necessary operating expenses | -$ 0.00 |
| Net monthly income from rental or other real property | $ 0.00  Copy here -> $ 0.00    $ 0.00 |

Debtor 1   Ryan Thomas Wilson   Case number (*if known*)   16-25304

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. Interest, dividends, and royalties | $ 0.00 | $ 0.00 |
| 8. Unemployment compensation | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you   $ 0.00
For your spouse   $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.   $ 0.00   $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

$ 0.00   $ 0.00
$ 0.00   $ 0.00

Total amounts from separate pages, if any.   + $ 0.00   $ 0.00

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.   $ 2,587.02   + $ 2,011.78   = $ 4,598.80

Total average monthly income

### Part 2: Determine How to Measure Your Deductions from Income

12. Copy your total average monthly income from line 11.   $ 4,598.80
13. **Calculate the marital adjustment.** Check one:
    - ☐ You are not married. Fill in 0 below.
    - ☐ You are married and your spouse is filing with you. Fill in 0 below.
    - ■ You are married and your spouse is not filing with you.

    Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

    Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

    If this adjustment does not apply, enter 0 below.

    $ _____
    $ _____
    + $ _____

    Total   $ 0.00   Copy here=>   - 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.   $ 4,598.80

15. **Calculate your current monthly income for the year.** Follow these steps:

    15a. Copy line 14 here=>   $ 4,598.80

    Multiply line 15a by 12 (the number of months in a year).   x 12

    15b. The result is your current monthly income for the year for this part of the form.   $ 55,185.60

Debtor 1    Ryan Thomas Wilson            Case number (*if known*)    16-25304

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.     UT

    16b. Fill in the number of people in your household.     2

    16c. Fill in the median family income for your state and size of household.     $ 59,972.00

       To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ☒ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3** and fill out *Calculation of Your Disposable Income* (Official Form 122C-2). On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:**    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)

18. Copy your total average monthly income from line 11.     $ 4,598.80

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.     -$ 0.00

    19b. **Subtract line 19a from line 18.**     $ 4,598.80

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b     $ 4,598.80

       Multiply by 12 (the number of months in a year).     x 12

    20b. The result is your current monthly income for the year for this part of the form     $ 55,185.60

    20c. Copy the median family income for your state and size of household from line 16c     $ 59,972.00

21. **How do the lines compare?**

    ☒ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* **Go to Part 4.**

    ☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* **Go to Part 4.**

**Part 4:**    Sign Below

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X   /s/ Ryan Thomas Wilson
     Ryan Thomas Wilson
     Signature of Debtor 1

Date   July 29, 2016
       MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Debtor 1   Ryan Thomas Wilson                               Case number (if known)  16-25304

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period 12/01/2015 to 05/31/2016.

Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions
Source of Income: Marine Corps Terminated May 31, 2016
Year-to-Date Income:
Last Year:
Starting Year-to-Date Income: $36,355.40  from check dated  11/30/2015 .
Ending Year-to-Date Income: $39,720.20  from check dated  12/31/2015 .

This Year:
Current Year-to-Date Income: $12,157.34  from check dated  5/31/2016 .

Income for six-month period (Current+(Ending-Starting)): $15,522.14 .
Average Monthly Income: $2,587.02 .

| Debtor 1 | Ryan Thomas Wilson | Case number (if known) | 16-25304 |
|---|---|---|---|

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details:**
Income for the Period 12/01/2015 to 05/31/2016.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: Freight Tec Managment
Year-to-Date Income:
Last Year:
Starting Year-to-Date Income: $6,501.21  from check dated  11/27/2015 .
Ending Year-to-Date Income: $8,888.43  from check dated  12/31/2015 .

This Year:
Current Year-to-Date Income: $9,683.47  from check dated  5/27/2016 .

Income for six-month period (Current+(Ending-Starting)): $12,070.69 .
Average Monthly Income: $2,011.78 .